**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

MATTHEW W. BARNETT,
ADC #135607                                                                                          PLAINTIFF

V.                              CASE NO. 1:16-CV-00156 BSM/BD

WENDY KELLEY, et al.                                                                         DEFENDANTS

**RECOMMENDED DISPOSITION**

**I.**   **Procedure for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to Chief Judge Brian S. Miller. You may file written objections to this Recommendation. If you file objections, they must be specific and must include the factual or legal basis for your objection. Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

**II.**   **Discussion**

Matthew Barnett, an Arkansas Department of Correction ("ADC") inmate, filed this lawsuit without the help of a lawyer. (Docket entry #3) He claims that Defendants violated his constitutional rights, as well as his rights under the Americans with Disabilities Act and the Rehabilitation Act. Specifically, Mr. Barnett complains that

Defendants Ramsey and Pearce intercepted his work-release program applications so that they would not be processed by the Grimes Unit Classification Committee. He alleges that Defendants Ramsey and Pearce failed to properly process his applications because he suffers from grand-mal seizures. In addition, he alleges that Defendant Payne knew of the wrongful acts that he complained of in his grievances but failed to take corrective action. He also alleges that Defendant Kelley "was grossly negligent in supervising subordinates who committed the wrongful acts." (#3 at p.7)

Defendants have now moved for judgment on the pleadings. (#19) Mr. Barnett has responded to the motion and Defendants have replied. (#22, #24, #25, #26)

**III.   Discussion**

    A.   Americans with Disabilities Act Claim

In his complaint, Mr. Barnett alleges that Defendants violated Title II of the Americans with Disabilities Act ("ADA"), which provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

"To state a prima facie case under the ADA, a plaintiff must show: (1) he is a person with a disability as defined by statute; (2) he is otherwise qualified for the benefit in question; and (3) he did not receive this benefit due to discrimination based upon his disability." *Randolph v. Rogers*, 170 F.3d 850, 858 (8th Cir. 1999) (citing 42 U.S.C.

§ 12101 *et seq*.).

Defendants argue that Mr. Barnett's allegations implicate only Title I of the ADA, the provision that governs an employer's discrimination against a disabled employee. *Tennessee*, 541 U.S. at 516. They rely on *Battle v. Minnesota Dept. of Corrections*, 40 Fed. Appx. 308 (8th Cir. 2002), to support their argument. In *Battle*, a Minnesota inmate sued MINNCOR Industry, Inc., the Minnesota Department of Corrections, and various prison employees under both Title I and Title II of the ADA. He alleged that he was denied a MINNCOR job assignment and participation in various educational programs because he had a history of migraine headaches. The Eighth Circuit upheld the dismissal of the inmate-plaintiff's ADA claim under Title I because the inmate was not deemed an employee. Dismissal of his Title II claim was upheld because he failed to show that he was disabled. Under *Battle*, inmates are not deemed employees for purposes of Title I of the ADA. See also *Murdock v. Washington*, 193 F.3d 510 (7th Cir. 1999) (prison job programs do not constitute employment under Title I).

Contrary to Defendants' argument, that finding does not end the Court's inquiry. Title II does extend to inmates in state prisons. *Pennsylvania Dept. of Corrections v. Yeskey*, 524 U.S. 206, 208, 118 S.Ct. 1952, 1953 (1998). Defendants argue that Title II does not apply to Mr. Barnett's claims because his allegations do not implicate the "administration of state services and programs," such as "education, transportation,

communication, recreation, institutionalization, health services, [and] voting." *Tennessee v Lane*, 541 U.S. 509 (2004) (quoting 42 U.S.C. § 12101(a)(3)). But, in fact, they do.

That said, Defendants are still entitled to judgment of the pleadings. Even though participation in a work-release program may be a "benefit" under the ADA, the papers attached to Mr. Barnett's complaint indicate that he was not eligible for the work-release program because his transfer eligibility date had passed, and he was scheduled to appear before the Board of Parole. (#3 at pp.37-40) Mr. Barnett was told that, if he received a one-year denial of parole, he could re-apply for work release. (*Id*. at pp.37-38) Mr. Barnett may believe that he was denied admittance based on his disability, but the papers presented indicate otherwise.[1]

In response to the Defendants' motion, Mr. Barnett argues that his claim for equitable relief is not moot, even though he has now been accepted into the program, because he has not actually been transferred to "the federally funded program." (#26 at p.2) According to the papers attached to his previous response, however, "[i]t is up to the work release center whether or not to accept [him]. [He] was only approved at the unit level." (#22 at p.7) Based on these facts, the ADC Defendants have provided all of the relief that they can with regard to Mr. Barnett's claims. Any other relief sought may only

---

[1] Although the Court cannot consider matters outside the pleadings in deciding a motion for judgment of the pleadings, in his response to the Defendants' motion, Mr. Barnett notes that he has now been approved for the work-release program. (#22 at pp.2, 6-7) As a result, his request for equitable relief under the ADA would be moot, even if he were to prevail at a trial on that claim.

be provided by officials at the work-release centers. Those individuals are not parties to this lawsuit.

Finally, Mr. Barnett's claims for money damages under the ADA fail for another reason. Although Title II of the ADA "validly abrogates state sovereign immunity by authorizing private suits for damages against States," *U.S. v. Georgia*, 546 U.S. 151, 159 (2006), the Supreme Court limited such claims to "conduct that actually violates the Fourteenth Amendment." *Id*. 546 U.S. at 159, 126 S.Ct. at 882; *Winter ex rel. Estate of Winters v. Arkansas Dep't of Health & Human Servs*., 437 F.Supp.2d 851, 900 (E.D.Ark. 2006) ("a claim for monetary damages will only be permitted if the plaintiff proves an actual constitutional violation"). Here, Mr. Barnett is unable to prove a constitutional violation. He has no liberty interest in being admitted to the work-release program at the ADC. *Mafouz v. Lockhart*, 826 F.2d 791 (8th Cir. 1987). Therefore, Mr. Barnett's claims for monetary damages under the ADA fails as a matter of law.

      B.     Failure to Follow State Law or ADC Policy

Mr. Barnett also contends that the Defendants failed to follow state law as well as ADC policy. Unfortunately for Mr. Barnett, that conduct, even assuming the allegations are true, fails to rise to a constitutional level. *McClinton v. Arkansas Dep't of Corr*., 166 Fed. Appx. 260 (8th Cir. 2006) (citing *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)).

C.  Due Process Claim

In order to trigger the protection of the due process clause, Mr. Barnett must allege that he was deprived of a liberty interest. It is well-settled that "Arkansas statutes do not create a protected liberty interest in participating in the work/study release program." *Mafouz v. Lockhart*, 826 F.2d 791, 794 (8th Cir. 1987). Because he has no liberty interest at stake, Mr. Barnett cannot proceed on this claim.

D.  Equal Protection Claim

Mr. Barnett also complains that Defendants violated his equal protection rights. "The heart of an equal protection claim is that similarly situated inmates were treated differently and that this difference in treatment bore no rational relationship to any legitimate penal interest." *Weiler v. Purkett*, 137 F.3d 1047, 1051 (8th Cir.1 998) (citing *Timm v. Gunter*, 917 F.2d 1093, 1103 (8th Cir. 1990)).

Simply stated, an equal protection analysis begins with this question: Has the inmate pleaded facts showing that he was treated differently from others who were similarly situated? *Rouse v. Benson*, 193 F.3d 936, 942 (8th Cir. 1999). Here, Mr. Barnett has failed to provide any facts to support such a claim.

In his response to the Defendants' motion, Mr. Barnett explains that he "will need time for discovery to gather information about others who are in the [work-release] programs." (#24 at p.12) Plaintiffs cannot use discovery to substantiate an inadequately

pleaded claim. *Bell v. Twombly*, 550 U.S. 544 (2007)(before proceeding to discovery, a complaint must allege facts suggestive of illegal conduct").

## IV. Conclusion

The Defendants' motion for judgment on the pleadings (#19) should be GRANTED, and Mr. Barnett's claims DISMISSED, without prejudice.[2]

DATED this 20th day of January, 2017.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] Defendants also contend that they are not liable based on qualified immunity, sovereign immunity, and supervisory liability. Because Mr. Barnett's claims under either the ADA or § 1983 fail, the Court did not address the Defendants' remaining arguments in this Recommendation.